Kimberly Arouh (SBN 163285)
kimberly.arouh@bipc.com
Michael W. Bootier (SBN 326961)
michael.bootier@bipc.com
Stephanie M. Atkinson (SBN 322083)
stephanie.atkinson@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA  92101
Telephone:   619 239 8700
Fax:          619 702 3898

Attorneys for Defendant
MANOR CARE OF FOUNTAIN VALLEY CA, LLC dba ManorCare Health
Services (erroneously sued as Manorcare of Fountain Valley CA, LLC
dba Manorcare Health Services Fountain Valley)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson,

Plaintiff,

vs.

MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive,

Defendants.

Case No.:  8:22-cv-01782

**DEFENDANT MANOR CARE OF FOUNTAIN VALLEY CA, LLC'S NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY**

Defendant Manor Care of Fountain Valley CA, LLC dba ManorCare Health Services (erroneously sued as Manorcare of Fountain Valley CA, LLC dba Manorcare Health Services Fountain Valley) ("Defendant"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of California for the County of Orange, Case No. 30-2022-01272243-CU-NP-CJC, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As set forth below, Plaintiff is a citizen of a different state than the only named defendant, and the amount in controversy exceeds $75,000. As such, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332,

and removal is proper under 28 U.S.C. § 1441 & 1446.  In support of this Notice of Removal, Defendant respectfully states the following:

## PROCEDURAL REQUIREMENTS

1.    On or about July 28, 2022, Plaintiff, Waneta M. Kelsey ("Plaintiff"), through her Attorney-in Fact, Steve Richardson, commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Orange, at Case No. 30-2022-01272243-CU-NP-CJC, naming Manor Care of Fountain Valley CA, LLC dba ManorCare Health Services (erroneously sued as Manorcare of Fountain Valley CA, LLC dba Manorcare Health Services Fountain Valley) as the only defendant.[1]  A true and correct copy of Plaintiff's Complaint and summons is attached as **Exhibit A**.

2.    This Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  As discussed more fully below, there is complete diversity of citizenship in that Plaintiff is a citizen of a different state than Manor Care of Fountain Valley CA, LLC, and the amount in controversy is greater than $75,000.

3.    Furthermore, no Defendant is a citizen of California for purposes of the forum defendant rule under 28 U.S.C. § 1441(b)(2).

4.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is being filed within thirty days after Manor Care of Fountain Valley CA, LLC was served with the Complaint and Summons on August 29, 2022.

5.    Copies of all required pleadings, process, and orders are collectively appended hereto as **Exhibit B**, including copies of all state court filings from the state court docket.

/ / /

---

[1] 28 U.S.C. § 1441(b)(1) provides that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal based on diversity jurisdiction under Section 1332(a).  Thus, only the citizenship of the named defendant—Manor Care of Fountain Valley CA, LLC—is considered, and the inclusion of unidentified "DOES through 200" is irrelevant to the existence of complete diversity.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *Davis v. Lowe's Corp.*, No. 19cv1284 JM(KSC), 2019 WL 13197810, at *2 (S.D. Cal. Sept. 26, 2019); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6.     A copy of this Notice of Removal is being filed with the State Court, and served on all parties, in accordance with 42 U.S.C. § 1446(d).

7.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1441(a) because the State Court, where the case has been pending, is located within this District.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

8.     28 U.S.C. § 1332 provides that this Court shall have original jurisdiction over all civil actions between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.  Diversity jurisdiction generally requires "complete diversity," meaning that each plaintiff must be a citizen of a different state than each defendant.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

**A.     Complete Diversity of Citizenship Exists.**

9.     Plaintiff, Waneta M. Kelsey, is a citizen of California.

10.    Plaintiff's Attorney-In Fact, Steve Richardson, is a citizen of California, both individually and in his capacity as a representative of Plaintiff.  *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").[2]

11.    Defendant, Manor Care of Fountain Valley CA, LLC is a citizen of Ohio, as outlined below.

12.    The citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members.  *See Johnson v. Columbia Props Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, "[a]n LLC's principal place of business or state of organization is irrelevant to the analysis." *Mcavoy v. Lowe's Home Ctrs. LLC*,

---

[2] To the extent to which Plaintiff's Attorney-In-Fact is considered a party, he is only a party in a representative capacity.  Thus, only the California citizenship of Waneta Kelsey, as the real party in interest, is relevant.  In any event, Defendant also avers that Steve Richardson is a citizen of California in his individual capacity.  *See, e.g., Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003) ("[W]here a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls.").

1  2:22-cv-02417-SVW-RAO, 2022 WL 2072672, at *3 (C.D. Cal. June 9, 2022).

2      13.    Where an LLC's members include other LLCs, citizenship is determined

3  by "looking to the citizenship of the members of those [LLCs]," through an upstream

4  analysis, "until every layer of limited liability company membership has been reduced

5  to the citizenship of its individual members." *Norwood v. HPA Borrower 2018-1 LLC*,

6  No. C21-5843JLR, 2021 WL 5630961, at *1 n.1 (W.D. Wash. Dec. 1, 2021) (citing

7  *Johnson*, 437 F.3d at 899); *see also 19th Capital Grp., LLC v. 3 GGG's Truck Lines,*

8  *Inc.*, CV 18-2493 PA (RAOx), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018);

9  *Lincoln Ben. Life Co.*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) ("[A]s with partnerships,

10  where an LLC has, as one of its members, another LLC, the citizenship of

11  unincorporated associations must be traced through however many layers of partners

12  or members there may be to determine the citizenship of the LLC.").

13      14.    In turn, "when a corporation is a member of an LLC, the citizenship of the

14  LLC will include the state(s) of which the corporation is a citizen." *Carper v. Tribune*

15  *Media*, CV 15-04259 MMM (SSx), 2015 WL 5636922, at *3 (C.D. Cal. Sept. 28,

16  2015).

17      15.    For diversity purposes, a corporation is deemed a citizen of the States in

18  which it is incorporated and where it has its principal place of business, which is

19  defined as its "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559

20  U.S. 77, 93 (2010) ("A corporation's 'nerve center,' usually its main headquarters, is a

21  single place.").

22      16.    Defendant, Manor Care of Fountain Valley CA, LLC, is a Delaware

23  limited liability company.  Its sole member is HCR IV Healthcare, LLC.

24      17.    HCR IV Healthcare, LLC is a Delaware limited liability company. Its sole

25  member is HCR III Healthcare, LLC.

26      18.    HCR III Healthcare, LLC is a Delaware limited liability company. Its sole

27  member is HCR II Healthcare, LLC.

28  / / /

4
**NOTICE OF REMOVAL**

19. HCR II Healthcare, LLC is a Delaware limited liability company. Its sole member is HCR Healthcare, LLC.

20. HCR Healthcare, LLC is a Delaware limited liability company. Its sole member is HCR ManorCare, Inc.

21. HCR ManorCare, Inc. is an Ohio non-profit corporation with its headquarters and principal place of business located in Toledo, Ohio.  Therefore, it is a citizen of Ohio.

22. Consequently, Defendant, Manor Care of Fountain Valley CA, LLC, is a citizen of Ohio for diversity of citizenship purposes.

23. Thus, because Plaintiffs are citizens of California, and Defendant is a citizen of Ohio, complete diversity of citizenship exists.

**B.     The Amount In Controversy Exceeds $75,000.**

24. This is an action "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." 28 U.S.C. § 1332(a).

25. When a plaintiff fails to plead a specific amount of damages, the Court looks to whether it is "facially apparent from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If it is not "facially apparent, the court may consider facts in the removal petition and require parties to submit summary judgment-type evidence relevant to the amount in controversy." *In re: Incretin Mimetics Prods. Liab. Litig.*, 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) (citing *Singer*, 113 F.3d at 377).

26. Defendant denies any liability in this case, intends to defend the case on the merits, and reserves all rights in this regard.  However, for purposes of jurisdictional requirements for removal, it is facially apparent, and Defendant has evidence showing, that the allegations in Plaintiff's Complaint put the amount in controversy more than $75,000, exclusive of interest and costs.

27. Here, Plaintiff's state court Complaint seeks unlimited general and special damages for personal injury. *See* Ex. A, Compl. ¶

**NOTICE OF REMOVAL**

28.     In the Complaint, Plaintiff alleges that the improper or inadequate provision of medical services by a skilled nursing facility caused Plaintiff to suffer two unwitnessed falls while a resident at the skilled nursing facility operated by Manor Care of Fountain Valley CA, LLC, resulting in a "re-tear of her left patellar tendon with instability of her left knee."  Compl. ¶¶ 2, 19.

29.     As a result, Plaintiff alleges that she suffered "severe injury to her left leg requiring revision surgery," and resulted in "extreme pain and suffering."  *Id.* ¶¶ 21-22.

30.     Plaintiff's Complaint also seeks punitive damages, attorneys' fees, and enhanced statutory remedies, which may be recoverable by law under the statutory causes of action asserted for "Elder Abuse" and violations of Health & Safety Code § 1430.  *See* Health & Safety Code § 1430(a); West's Ann. Cal. Welf. & Inst. Code § 15657.  Thus, such damages are included in the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998); *Conrad Assocs. V. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998).

31.     Based on the nature of allegations, seeking damages for severe personal injury necessitating orthopedic surgery, including general and special damages, statutory damages, attorneys' fees, and punitive damages, it is facially apparent that the amount in controversy exceeds $75,000.

32.     Furthermore, jury awards in matters alleging Elder Abuse and Punitive Damages against skilled nursing facilities are routinely in excess of $75,000, exclusive of interest and costs, including cases with analogous allegations of fall-related injuries. *See Frank Hernandez, et. al. v. Upland Rehabilitation and Care Center*, 2004 Jury Verdicts LEXIS 46698 (Riverside Sup. Ct. 2004) (jury verdict in the amount of $727,500 based on allegations of elder abuse, negligence, and wrongful death arising out of elderly patient who sent to a nursing home for therapy, but who was not turned properly, developed a pressure sore, and passed away); *Estate of Sui Mee Chiu v. Arcadia Convalescent Hospital, Inc. dba Arcadia Health Care Center, and ACH*

*Health Care Property, LLC*, 2013 Jury Verdicts LEXIS 15295 (Santa Ana Sup. Ct. 2013) (jury verdict in the amount of $975,500 based on allegations of elder abuse, wrongful death, violation of patient's rights, and negligence, arising out of failure to prevent a pressure sore which lead to death); *Mary K. Adams, et.al. v. Villa Valencia Health Care Center, et. al.*, 2008 Mealey's CA Jury Verdict & Settlements 270 (Orange Sup. Ct. 2008) (jury verdict of $2,000,000 based on allegations of elder abuse and wrongful death arising out of multiple falls, lack of nutrition, and ulcers leading to death); *Pauline Gogol, et.al. v. Mills-Peninsula Health Services dba Mills-Peninsula Skilled Nursing/ Mills-Peninsula Health Services dba Mills-Peninsula Skilled Nursing v. MGA Healthcare, Inc. and Relief Nursing Services, Inc.*, 2012 Jury Verdicts LEXIS 11340 (San Mateo Sup. Ct. 2012) (jury verdict in the amount of $1,844,000 based on allegations of elder abuse arising out of an undocumented fall for elder leading to re-injury of the hip, but no death); *Conservatorship of the Person and Estate of Reba Gregory v. Beverly Enterprises, Inc.*, Mealey's CA Jury Verdicts & Settlements 26, 53756 (Siskiyou Sup. Ct.) (verdict in the amount of $95,143, 958.21 based on allegations of elder abuse, negligence, and fraud arising out of one fall at nursing home resulting in broken hip and shoulder); *Conservatorship of the Person and Estate of Marion Adams, et. al. v. Virgil Butler*, 2000 Mealey's CA Jury Verdicts & Settlements 135 (Los Angeles Sup. Ct. 2000) (Jury verdict in the amount of $290,000 based on allegations of elder abuse and neglect arising out of failure to provide food and water, and failure to prevent physical injury, leading the injured in a coma); *Frances Tanner and Elizabeth Pao v. Horizon West, Inc., Horizon West Healthcare, Inc.*, et.al., 2010 Jury Verdicts LEXIS 27990 (Sacramento Sup. Ct. 2020) (jury verdict in the amount of $29,100,000 based on allegations of elder abuse and wrongful death, arising out of understaffing, underfunding leading to pressure sore resulting in death).

      33.    In sum, the alleged aggregate damages, penalties and fees that Plaintiff seeks exceed the $75,000 amount in controversy required by 28. U.S.C. § 1332 (a).

/ / /

1       **WHEREFORE**, having shown that this case is properly removable, Defendant

2   respectfully provides notice that this action is removed to the United States District

3   Court for the Central District of California, and respectfully requests that this Court

4   exercise jurisdiction over this case.

5

6   DATED: September 28, 2022        BUCHANAN INGERSOLL & ROONEY LLP

7

8                              By:  /s/ *Stephanie M. Atkinson*

9                                     Kimberly Arouh
                                  Michael W. Bootier

10                                     Stephanie M. Atkinson
                                  Attorneys for Defendant MANOR CARE OF

11                                     FOUNTAIN VALLEY CA, LLC dba
                                  ManorCare Health Services (erroneously sued

12                                     as Manorcare of Fountain Valley CA, LLC
                                  dba Manorcare Health Services Fountain

13                                     Valley)

14                      **<u>DEMAND FOR JURY BY TRIAL</u>**

15           Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant requests

16   a trial by jury for all issues so triable.

17

18   DATED: September 28, 2022        BUCHANAN INGERSOLL & ROONEY LLP

19

20                              By:  /s/ *Stephanie M. Atkinson*
                                  Kimberly Arouh

21                                     Michael W. Bootier

22                                     Stephanie M. Atkinson
                                  Attorneys for Defendant MANOR CARE OF

23                                     FOUNTAIN VALLEY CA, LLC dba
                                  ManorCare Health Services (erroneously sued

24                                     as Manorcare of Fountain Valley CA, LLC
                                  dba Manorcare Health Services Fountain

25                                     Valley)

26

27

28

**NOTICE OF REMOVAL**

# EXHIBIT A

30-2022-01272243-CU-NP-CJC - ROA # 11 - DAVID H. YAMASAKI. Clerk of the Court By A. Gill, Deputy Clerk.

Case 8:22-cv-01782-FWS-KES   Document 1   Filed 09/28/22   Page 10 of 42   Page ID #:10

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Judge John C. Gastelum
*(El nombre y dirección de la corte es):*  Orange County Superior Court
700 Civic Center Drive West, Santa Ana, CA 92701, Central Justice Center

CASE NUMBER: *(Número del Caso):*
30-2022-01272243-CU-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Peck Law Group, APC, 6454 Van Nuys Blvd, # 150, Van Nuys, CA 91401 (818) 908-0509

DATE: 08/12/2022
*(Fecha)*

DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *(Secretario)*   A. Gill   , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Manorcare of Fountain Valley CA LLC
3. ☒ on behalf of *(specify):* dba Manorcare Health Services Fountain Valley

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT A**
**Page 9**

**PECK LAW GROUP, APC**
Steven C. Peck (SBN 097343)
Adam J. Peck (SBN 262549)
6454 Van Nuys Boulevard, Suite 150
Van Nuys, California 91401-1407
Telephone: 818-908-0509
Facsimile: 818-643-4980
Email: eservice@thepecklawgroup.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson, <br><br> Plaintiffs, <br><br> vs. <br><br> MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive, <br><br> Defendants. | CASE NO.: 30-2022-01272243-CU-NP-CJC <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **ELDER ABUSE** <br> (Pursuant to *Welfare and Institutions Code* §§15600, et. seq.) <br> 2. **NEGLIGENCE** <br> 3. **VIOLATION OF RESIDENTS RIGHTS** <br> (Pursuant to *Health and Safety Code* §1430(b)) <br><br> **<u>DEMAND FOR JURY TRIAL</u>** <br><br> **Assigned for All Purposes** <br><br> Judge John C. Gastelum |

COMES NOW Plaintiff and alleges upon information and belief as follows:

### <u>THE PARTIES</u>

1.     Plaintiff WANETA M. KELSEY (herein referred to as "KELSEY") is an individual who at all relevant times herein alleged was a resident of the County of Orange, State of California. Plaintiff KELSEY brings suit against Defendants by and through her Attorney-in-Fact and son, STEVE RICHARDSON, pursuant to a duly executed Power of Attorney appointing STEVE RICHARDSON as KELSEY's agent to handle all claims of litigation on her behalf.

2.     Defendant MANORCARE OF PALM DESERT CA, LLC dba MANORCARE HEALTH SERVICES FOUNTAIN VALLEY (herein referred to as "MANORCARE") was at all

1  relevant times in the business of providing long-term custodial care as a licensed 24-hour skilled

2  nursing facility located at 11680 Warner Avenue, Fountain Valley, CA 92708, and was subject to

3  the requirements of federal and state law governing the operation of skilled nursing facilities

4  operating in the State of California.

5        3.      Plaintiff is informed and believes and therefore alleges that at all relevant times to

6  this complaint, DOES 1 through 200 were licensed and unlicensed individuals and/or entities, and

7  employees of MANORCARE who rendered care and services to KELSEY and whose conduct

8  caused the injuries, and damages alleged herein.  It is alleged that at all relevant times hereto,

9  MANORCARE was aware of the unfitness of DOES 1 through 200 to perform their necessary job

10  duties and yet employed these persons and/or entities with a conscious disregard of the health,

11  rights, and safety of KELSEY.

12        4.      Plaintiffs are ignorant of the true names and capacities of those Defendants sued

13  herein as DOES 1 through 200, and for that reason have sued those Defendants by such fictitious

14  names. Plaintiffs will seek leave from the court to amend this Complaint to identify said

15  Defendants when their identities are ascertained.

16        5.      Defendant MANORCARE, by and through its corporate officers, directors, and

17  managing agents, presently unknown to Plaintiff and according to proof at the time of trial, ratified

18  the misconduct alleged herein in that they were aware of the understaffing of their skilled nursing

19  facilities, in both number and training, the relationship between understaffing and sub-standard

20  provision of care to residents and patients of their skilled nursing facilities, including KELSEY,

21  the unfitness of licensed and  unlicensed nursing personnel employed at their skilled nursing

22  facilities, the rash and truth of lawsuits against skilled nursing facilities, and their customary

23  practice of not adequately responding to correct deficiencies issued by the State of California's

24  Department of Public Health.  That notwithstanding their knowledge, these officers, directors,

25  and/or managing agents meaningfully disregarded the issues even though they knew the

26  understaffing could, would, and did lead to unnecessary injuries to the residents and patients of

27  their skilled nursing facilities, including KELSEY.

28        6.      Upon information and belief, it is alleged that the misconduct of MANORCARE,

1    which led to the injuries to KELSEY as alleged herein, was the direct result and product of the

2    financial and control policies and practices dictated by and forced upon their skilled nursing

3    facilities by and through the corporate officers, directors and others presently unknown and according

4    to proof at time of trial.

5        7.      Based upon information and belief, DOES 1 through 200 were members of the

6    "Governing Body" of MANORCARE responsible for the creation and implementation of policies

7    and procedures for the operation of their skilled nursing facilities and for supervising the

8    administration of the same pursuant to 42 C.F.R. §483.75 and 22 C.C.R. §§70035. That these

9    members, as executives, managing agents and/or owners of MANORCARE, were focused on

10   unlawfully increasing the earnings in the operation of DEFENDANTS' businesses as opposed to

11   providing the legally mandated minimum care to be provided to elder and/or infirm residents in their

12   skilled nursing facilities, including KELSEY. That the focus of these individuals on their own

13   attainment of profit played a part in the underfunding of the skilled nursing facilities which led to

14   MANORCARE violating state and federal rules, laws and regulations and led to the injuries to

15   KELSEY as alleged herein.

16       8.      MANORCARE and DOES 1 – 200 were the knowing agents and/or alter-egos of

17   one another, and each of their officers, directors, and managing agents directed, approved and/or

18   ratified all of the acts and omissions of each other, and their agents and employees, thereby making

19   each of them vicariously liable for the acts and omissions of their co-defendants, their agents and

20   employees, as is more fully alleged herein. Moreover, through their managing agents,

21   DEFENDANTS and each of them, approved, authorized, ratified and/or conspired to commit all of

22   the acts and omissions alleged herein.

23       9.      At all relevant times, MANORCARE and DOES 1 – 200 and each of their tortious

24   acts and omissions as alleged herein, were done in concert with one another in furtherance of their

25   common design and agreement to accomplish a particular result, namely decreasing costs and

26   increasing revenues from the operation of the skilled nursing facilities by underfunding and

27   understaffing with an insufficient number of care personnel, many of whom were not trained and

28   qualified to care for the patients and residents. Moreover, MANORCARE and DOES 1 – 200

1 | aided and abetted each other in accomplishing the acts and omissions alleged herein. (Restatement

2 | (Second) of Torts § 876 (1979)).

3 | **FIRST CAUSE OF ACTION**

4 | **ELDER ABUSE**

5 | **[Against All Defendants and DOES 1-200]**

6 | 10.   Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 9 of

7 | this Complaint as though set forth at length below.

8 | 11.   At all relevant times, KELSEY was over 65 years old who resided in this state, had

9 | physical or mental limitations that restricted her ability to carry out normal activities, or to protect

10 | her rights, including, but not limited to, physical or developmental disabilities, and who was

11 | admitted as an inpatient to a 24-hour health facility pursuant to §1250.3 of the *California Health*

12 | *and Safety Code*, and was an "elder" as that term is defined in *California Welfare and Institutions*

13 | *Code* §15610.27.

14 | 12.   That DEFENDANTS were to provide "care or services" to elders, including KELSEY

15 | and were to be the "care custodians" of KELSEY in a trust and fiduciary relationship with KELSEY.

16 | 13.   That MANORCARE "neglected" KELSEY as that term is defined in *Welfare and*

17 | *Institutions Code* §15610.57 in that MANORCARE itself, as well as its employees, failed to

18 | exercise the degree of care that reasonable persons in a like position would exercise by denying or

19 | withholding goods or services necessary to meet the basic needs of KELSEY as is more fully

20 | alleged herein.

21 | 14.   As a result of MANORCARE' wrongdoing, KELSEY suffered physical harm, pain

22 | and mental suffering.

23 | 15.   MANORCARE had advance knowledge of the unfitness of their employees and

24 | employed them with a conscious disregard of the rights or safety of others, "authorized or ratified

25 | the wrongful conduct," and MANORCARE's conduct was "on the part of an officer, director, or

26 | managing agent of the corporation." (Civ. Code, § 3294, subd. (b).)

27 | ///

28 | ///

4
COMPLAINT FOR DAMAGES

## FACTS RELEVANT TO ALL CAUSES OF ACTION

16.     On July 17, 2020 KELSEY was admitted to MANORCARE for continued nursing care after a repair to her left tibia and left patella tendon.

17.     During KELSEY's admission to MANORCARE she suffered two unwitnessed falls.

18.     Accordingly, an x-ray was done on July 18, 2020 which did not show any acute fractur or dislocation.

19.     KELSEY was reevaluated by her orthopedic surgeon on July 28, 2020 where findings suggested a possible re-tear of her left patellar tendon with instability of her left knee.

20.     KELSEY's surgeon recommended revision surgery of her left knee.

21.     On July 30, 2020, KELSEY was transferred to Los Alamitos Medical Center for surgery to repair the injuries she suffered at MANORCARE.

22.     As a result of MANORCARE nursing staff's failure to monitor KELSEY, she suffered unwitnessed falls which resulted in severe injury to her left leg requiring revision surgery and causing KELSEY to endure extreme pain and suffering.

## ALLEGATIONS AGAINST MANORCARE

23.     MANORCARE neglected to provide medical care for KELSEY's physical and mental health needs by failing to take all the necessary steps to properly care for her. MANORCARE failed to adequately inform KELSEY's physician of the nature and extent of her injuries, and failed to adequately and completely carry out doctor's orders for their treatment and failed to adequately and appropriately document KELSEY's plan of care.

24.     MANORCARE's neglect of KELSEY was reckless, oppressive, and malicious. Specifically, the individuals who cared for KELSEY knew that taking the necessary precautions to prevent her from incurring avoidable falls, was critical to her health, well-being, and prognosis. By failing to address KELSEY's patient care issues, MANORCARE knew that it was highly probable that she would suffer injury and they knowingly disregarded that risk.

25.     KELSEY's injuries would not have occurred had MANORCARE simply adhered to applicable rules, laws and regulations, as well as the acceptable standards of practice governing the

1 | operation of a skilled nursing facility.

2 |      26.    Minimum staffing of personnel at MANORCARE was dependent by law upon the
3 | acuity (need) level of the patients of MANORCARE.  MANORCARE residents' acuity level
4 | during the residency of KELSEY in MANORCARE was so high that the required "minimum"
5 | staffing ratios exceeded the applicable numeric minimum requirement of *Health and Safety Code*
6 | §1276.5 pursuant to the provisions of Title 22 C.C.R. §§72515(b), 72329 and 42 C.F.R. §482.30.
7 | During the residency of KELSEY at MANORCARE, MANORCARE did not meet these minimum
8 | staffing requirements based on its residents' acuity levels, including KELSEY.  The
9 | "understaffing" and "lack of training" plan was designed as a mechanism to reduce labor costs and
10 | predictably and foreseeably resulted in the abuse and neglect of many residents and most
11 | specifically, KELSEY.

12 |      27.    In addition to their direct liability for the abuse and neglect of KELSEY,
13 | MANORCARE ratified the mistreatment of KELSEY. Knowing of KELSEY's falls and injuries,
14 | and knowing of her neglect, MANORCARE, through its managing agents, failed to terminate,
15 | discipline, reprimand, or otherwise repudiate the acts and omissions of any employee due to or
16 | based upon the care, treatment, monitoring or supervision, or lack thereof, rendered to KELSEY at
17 | MANORCARE.

18 | **SECOND CAUSE OF ACTION**
19 | **NEGLIGENCE**
20 | **[Against All Defendants, and DOES 1-200]**

21 |      28.    Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 27
22 | above as though set forth below.

23 |      29.    MANORCARE owed statutory, regulatory, and common law duties of care to
24 | KELSEY.

25 |      30.    MANORCARE breached their statutory, regulatory, and common law duties of care
26 | to KELSEY as more fully alleged above.

27 |      31.    As the proximate result of MANORCARE's breach of their statutory, regulatory,
28 | and common law duties of care to KELSEY as more fully alleged above, KELSEY suffered

1  injuries in an amount and manner more specifically alleged above and according to proof at time

2  of trial.

3  ### THIRD CAUSE OF ACTION

4  ### VIOLATION OF RESIDENTS RIGHTS

5  **[Against MANORCARE, and DOES 1-100]**

6  32.     Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 31

7  above as though set forth below.

8  33.     *Health and Safety Code* §1430(b) provides that "a current or former resident or

9  patient of a skilled nursing facility as defined in subdivision (c) of section 1250 . . . may bring a

10  civil action against the licensee of a facility who violates any rights of the resident or patient as set

11  forth in the Patients' Bill of Rights in Section 72527 of Title 22 of the California Code of

12  Regulations [which incorporates *Health and Safety Code* §1599.1], or any other right provided for

13  by federal or state law or regulation."

14  34.     At all relevant times, MANORCARE OF FOUNTAIN VALLEY CA, LLC was the

15  licensee of skilled nursing facility known as MANORCARE HEALTH SERVICES-FOUNTAIN

16  VALLEY.

17  ### ALLEGATIONS AGAINST MANORCARE

18  35.     For the reasons set forth above and incorporated herein by reference, and for further

19  reasons as will be presented at trial, MANORCARE failed to treat KELSEY with respect,

20  consideration, and full recognition of dignity in care of her personal needs as required by the

21  Patient's Bill of Rights and other rights provided by federal or state law or regulation.

22  MANORCARE and violated these rights of KELSEY, including, but not limited to:

23  a.     Title 22 C.C.R. §72527(a)(12), which mandates that a resident shall be treated with

24  consideration, respect and full recognition of dignity and individuality, including privacy in

25  treatment and in care of personal needs.  MANORCARE violated this regulation by failing to

26  prevent KELSEY from suffering falls during her residency at MANORCARE.

27  b.     Title 22 C.C.R. §72527(a)(25), which incorporates by reference the rights

28  enumerated in *Health and Safety Code* §1599.1, which mandates that the "facility shall employ an

7
COMPLAINT FOR DAMAGES

1   adequate number of qualified personnel to carry out all of the functions of the facility." (*Health*

2   *and Safety Code* §1599.1(a)). MANORCARE violated this regulation by understaffing its facility

3   in quality and quantity of staff during KELSEY's residency.

4        c.     Title 42 C.F.R. §483.25, which mandates that a skilled nursing facility, such as the

5   facility, must provide the necessary care and services to attain or maintain the highest practicable

6   physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment

7   and plan of care. MANORCARE violated this regulation by failing to prevent KELSEY from

8   suffering falls during her residency at MANORCARE.

9        d.     Title 42 C.F.R. §483.10(b)(11), stating that residents have the right to have all

10   significant changes of condition reported to them, their families, and their physicians immediately.

11   MANORCARE violated this regulation by failing to advise KELSEY's family of her falls during

12   her residency at MANORCARE.

13        36.     While a resident of MANORCARE, KELSEY's rights were repeatedly violated.

14   KELSEY suffered falls and injuries as a result of these the above-mentioned violations by

15   MANORCARE.

16        37.     Most notably while at MANORCARE, KELSEY experienced unsupervised falls

17                requiring revision surgery to her injured left leg.

18        38.     These injuries would not have occurred had MANORCARE simply adhered to the

19   applicable rules, laws, and regulations, as well as the acceptable standards of practice governing

20   the operation of a skilled nursing facility.

21        39.     One of the purposes of *Health and Safety Code* §1430(b) is to protect against the

22   type of injuries that KELSEY sustained.

23        40.     KELSEY is a member of a group of persons that *Health and Safety Code* §1430(b)

24   is intended to protect.

25        41.     Among other remedies, *Health and Safety Code* §1430(b) authorizes the recovery

26   of damages up to $500.00 and mandatory attorneys' fees and costs. These remedies are

27   cumulative to any other remedies provided by law.

28

1   **WHEREFORE, PLAINTIFFS** pray for judgment and damages as follows:

2   1.   For general damages according to proof;

3   2.   For special damages according to proof;

4
5   3.   For attorney's fees and costs pursuant to *Welfare and Institutions Code* §15657(a) (As to the First Cause of Action only);

6
7   4.   For exemplary and punitive damages pursuant to *Civil Code* §3294 (As to the First Cause of Action only);

8
9   5.   For attorney's fees and costs pursuant to *Health and Safety Code* §1430(b) (As to the Third Cause of Action only);

10
11   6.   For costs of suit; and

12   7.   For such other and further relief as the Court deems just and proper.

13

14   DATED:   July 26, 2022                              **PECK LAW GROUP, APC**

15

16

17

18   By: _____

19   Adam J. Peck, Esq.
     Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Case Summary:

| Case Id: | 30-2022-01272243-CU-NP-CJC |
| --- | --- |
| Case Title: | WANETA M. KELSEY VS. MANORCARE OF FOUNTAIN VALLEY CA, LLC |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 07/28/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
| --- | --- | --- | --- | --- | --- |
| 1 | E-FILING TRANSACTION 31186763 RECEIVED ON 07/28/2022 09:32:18 AM. | 07/28/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY KELSEY, WANETA M. ON 07/28/2022 | 07/28/2022 | | 9 pages | ☐ |
| 3 | SUMMONS ISSUED AND FILED FILED BY KELSEY, WANETA M. ON 07/28/2022 | 07/28/2022 | | 1 pages | ☐ |
| 4 | CIVIL CASE COVER SHEET FILED BY KELSEY, WANETA M. ON 07/28/2022 | 07/28/2022 | | 2 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 13083761 AND RECEIPT NUMBER 12911750. | 07/28/2022 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER GASTELUM, JOHN ON 07/28/2022. | 07/28/2022 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 01/03/2023 AT 08:45:00 AM IN C11 AT CENTRAL JUSTICE CENTER. | 07/28/2022 | | 2 pages | ☐ |
| 8 | E-FILING TRANSACTION NUMBER 31190790 REJECTED. | 08/10/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION NUMBER 11023867 REJECTED. | 08/12/2022 | | 1 pages | ☐ |
| 10 | E-FILING TRANSACTION 11024942 RECEIVED ON 08/12/2022 09:51:13 AM. | 08/16/2022 | | *NV* | |
| 11 | SUMMONS ISSUED AND FILED FILED BY KELSEY, WANETA M. ON 08/12/2022 | 08/12/2022 | | 1 pages | ☐ |
| 12 | E-FILING TRANSACTION 31202278 RECEIVED ON 09/02/2022 10:05:47 AM. | 09/02/2022 | | *NV* | |
| 13 | PROOF OF PERSONAL SERVICE FILED | 09/02/2022 | | 3 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
| --- | --- | --- | --- | --- |
| MANORCARE OF FOUNTAIN VALLEY CA, LLC | DEFENDANT | | 07/28/2022 | |
| PECK LAW GROUP, APC | ATTORNEY | | 07/28/2022 | |
| WANETA M. KELSEY | PLAINTIFF | | 07/28/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
| --- | --- | --- | --- | --- |
| CASE MANAGEMENT CONFERENCE | 01/03/2023 | 08:45 | C11 | GASTELUM |

Print this page

EXHIBIT B
Page 19

**PECK LAW GROUP, APC**
Steven C. Peck (SBN 097343)
Adam J. Peck  (SBN 262549)
6454 Van Nuys Boulevard, Suite 150
Van Nuys, California 91401-1407
Telephone: 818-908-0509
Facsimile:  818-643-4980
Email: eservice@thepecklawgroup.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson, <br><br>      Plaintiffs, <br><br> vs. <br><br> MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive, <br><br><br>     Defendants. | CASE NO.: 30-2022-01272243-CU-NP-CJC <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1.**     **ELDER ABUSE** <br>    (Pursuant to *Welfare and Institutions Code* §§15600, et. seq.) <br> **2.**     **NEGLIGENCE** <br> **3.**     **VIOLATION OF RESIDENTS RIGHTS** <br>    (Pursuant to *Health and Safety Code* §1430(b)) <br><br> <u>**DEMAND FOR JURY TRIAL**</u> <br><br> **Assigned for All Purposes** <br><br> Judge John C. Gastelum |

COMES NOW Plaintiff and alleges upon information and belief as follows:

## THE PARTIES

1.     Plaintiff WANETA M. KELSEY (herein referred to as "KELSEY") is an individual who at all relevant times herein alleged was a resident of the County of Orange, State of California. Plaintiff KELSEY brings suit against Defendants by and through her Attorney-in-Fact and son, STEVE RICHARDSON, pursuant to a duly executed Power of Attorney appointing STEVE RICHARDSON as KELSEY's agent to handle all claims of litigation on her behalf.

2.     Defendant MANORCARE OF PALM DESERT CA, LLC dba MANORCARE HEALTH SERVICES FOUNTAIN VALLEY (herein referred to as "MANORCARE") was at all

relevant times in the business of providing long-term custodial care as a licensed 24-hour skilled nursing facility located at 11680 Warner Avenue, Fountain Valley, CA 92708, and was subject to the requirements of federal and state law governing the operation of skilled nursing facilities operating in the State of California.

3.      Plaintiff is informed and believes and therefore alleges that at all relevant times to this complaint, DOES 1 through 200 were licensed and unlicensed individuals and/or entities, and employees of MANORCARE who rendered care and services to KELSEY and whose conduct caused the injuries, and damages alleged herein.  It is alleged that at all relevant times hereto, MANORCARE was aware of the unfitness of DOES 1 through 200 to perform their necessary job duties and yet employed these persons and/or entities with a conscious disregard of the health, rights, and safety of KELSEY.

4.      Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 200, and for that reason have sued those Defendants by such fictitious names. Plaintiffs will seek leave from the court to amend this Complaint to identify said Defendants when their identities are ascertained.

5.      Defendant MANORCARE, by and through its corporate officers, directors, and managing agents, presently unknown to Plaintiff and according to proof at the time of trial, ratified the misconduct alleged herein in that they were aware of the understaffing of their skilled nursing facilities, in both number and training, the relationship between understaffing and sub-standard provision of care to residents and patients of their skilled nursing facilities, including KELSEY, the unfitness of licensed and  unlicensed nursing personnel employed at their skilled nursing facilities, the rash and truth of lawsuits against skilled nursing facilities, and their customary practice of not adequately responding to correct deficiencies issued by the State of California's Department of Public Health.  That notwithstanding their knowledge, these officers, directors, and/or managing agents meaningfully disregarded the issues even though they knew the understaffing could, would, and did lead to unnecessary injuries to the residents and patients of their skilled nursing facilities, including KELSEY.

6.      Upon information and belief, it is alleged that the misconduct of MANORCARE,

which led to the injuries to KELSEY as alleged herein, was the direct result and product of the financial and control policies and practices dictated by and forced upon their skilled nursing facilities by and through the corporate officers, directors and others presently unknown and according to proof at time of trial.

7.      Based upon information and belief, DOES 1 through 200 were members of the "Governing Body" of MANORCARE responsible for the creation and implementation of policies and procedures for the operation of their skilled nursing facilities and for supervising the administration of the same pursuant to 42 C.F.R. §483.75 and 22 C.C.R. §§70035. That these members, as executives, managing agents and/or owners of MANORCARE, were focused on unlawfully increasing the earnings in the operation of DEFENDANTS' businesses as opposed to providing the legally mandated minimum care to be provided to elder and/or infirm residents in their skilled nursing facilities, including KELSEY. That the focus of these individuals on their own attainment of profit played a part in the underfunding of the skilled nursing facilities which led to MANORCARE violating state and federal rules, laws and regulations and led to the injuries to KELSEY as alleged herein.

8.      MANORCARE and DOES 1 – 200 were the knowing agents and/or alter-egos of one another, and each of their officers, directors, and managing agents directed, approved and/or ratified all of the acts and omissions of each other, and their agents and employees, thereby making each of them vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as is more fully alleged herein. Moreover, through their managing agents, DEFENDANTS and each of them, approved, authorized, ratified and/or conspired to commit all of the acts and omissions alleged herein.

9.      At all relevant times, MANORCARE and DOES 1 – 200 and each of their tortious acts and omissions as alleged herein, were done in concert with one another in furtherance of their common design and agreement to accomplish a particular result, namely decreasing costs and increasing revenues from the operation of the skilled nursing facilities by underfunding and understaffing with an insufficient number of care personnel, many of whom were not trained and qualified to care for the patients and residents. Moreover, MANORCARE and DOES 1 – 200

aided and abetted each other in accomplishing the acts and omissions alleged herein.  (Restatement (Second) of Torts § 876 (1979)).

## FIRST CAUSE OF ACTION

## ELDER ABUSE

### [Against All Defendants and DOES 1-200]

10.     Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 9 of this Complaint as though set forth at length below.

11.     At all relevant times, KELSEY was over 65 years old who resided in this state, had physical or mental limitations that restricted her ability to carry out normal activities, or to protect her rights, including, but not limited to, physical or developmental disabilities, and who was admitted as an inpatient to a 24-hour health facility pursuant to §1250.3 of the *California Health and Safety Code*, and was an "elder" as that term is defined in *California Welfare and Institutions Code* §15610.27.

12.     That DEFENDANTS were to provide "care or services" to elders, including KELSEY and were to be the "care custodians" of KELSEY in a trust and fiduciary relationship with KELSEY.

13.     That MANORCARE "neglected" KELSEY as that term is defined in *Welfare and Institutions Code* §15610.57 in that MANORCARE itself, as well as its employees, failed to exercise the degree of care that reasonable persons in a like position would exercise by denying or withholding goods or services necessary to meet the basic needs of KELSEY as is more fully alleged herein.

14.     As a result of MANORCARE' wrongdoing, KELSEY suffered physical harm, pain and mental suffering.

15.     MANORCARE had advance knowledge of the unfitness of their employees and employed them with a conscious disregard of the rights or safety of others, "authorized or ratified the wrongful conduct," and MANORCARE's conduct was "on the part of an officer, director, or managing agent of the corporation."  (Civ. Code, § 3294, subd. (b).)

///

///

## FACTS RELEVANT TO ALL CAUSES OF ACTION

16.     On July 17, 2020 KELSEY was admitted to MANORCARE for continued nursing care after a repair to her left tibia and left patella tendon.

17.     During KELSEY's admission to MANORCARE she suffered two unwitnessed falls.

18.     Accordingly, an x-ray was done on July 18, 2020 which did not show any acute fractur or dislocation.

19.     KELSEY was reevaluated by her orthopedic surgeon on July 28, 2020 where findings suggested a possible re-tear of her left patellar tendon with instability of her left knee.

20.     KELSEY's  surgeon recommended revision surgery of her left knee.

21.     On July 30, 2020, KELSEY was transferred to Los Alamitos Medical Center for surgery to repair the injuries she suffered at MANORCARE.

22.     As a result of MANORCARE nursing staff's failure to monitor KELSEY, she suffered unwitnessed falls which resulted in severe injury to her left leg requiring revision surgery and causing KELSEY to endure extreme pain and suffering.

## ALLEGATIONS AGAINST MANORCARE

23.     MANORCARE neglected to provide medical care for KELSEY's physical and mental health needs by failing to take all the necessary steps to properly care for her. MANORCARE failed to adequately inform KELSEY's physician of the nature and extent of her injuries, and failed to adequately and completely carry out doctor's orders for their treatment and failed to adequately and appropriately document KELSEY's plan of care.

24.     MANORCARE's neglect of KELSEY was reckless, oppressive, and malicious. Specifically, the individuals who cared for KELSEY knew that taking the necessary precautions to prevent her from incurring avoidable falls, was critical to her health, well-being, and prognosis. By failing to address KELSEY's patient care issues, MANORCARE knew that it was highly probable that she would suffer injury and they knowingly disregarded that risk.

25.     KELSEY's injuries would not have occurred had MANORCARE simply adhered to applicable rules, laws and regulations, as well as the acceptable standards of practice governing the

operation of a skilled nursing facility.

26.     Minimum staffing of personnel at MANORCARE was dependent by law upon the acuity (need) level of the patients of MANORCARE.   MANORCARE residents' acuity level during the residency of KELSEY in MANORCARE was so high that the required "minimum" staffing ratios exceeded the applicable numeric minimum requirement of *Health and Safety Code* §1276.5 pursuant to the provisions of Title 22 C.C.R. §§72515(b), 72329 and 42 C.F.R. §482.30. During the residency of KELSEY at MANORCARE, MANORCARE did not meet these minimum staffing requirements based on its residents' acuity levels, including KELSEY.   The "understaffing" and "lack of training" plan was designed as a mechanism to reduce labor costs and predictably and foreseeably resulted in the abuse and neglect of many residents and most specifically, KELSEY.

27.     In addition to their direct liability for the abuse and neglect of KELSEY, MANORCARE ratified the mistreatment of KELSEY. Knowing of KELSEY's falls and injuries, and knowing of her neglect, MANORCARE, through its managing agents, failed to terminate, discipline, reprimand, or otherwise repudiate the acts and omissions of any employee due to or based upon the care, treatment, monitoring or supervision, or lack thereof, rendered to KELSEY at MANORCARE.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

### [Against All Defendants, and DOES 1-200]

28.     Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 27 above as though set forth below.

29.     MANORCARE owed statutory, regulatory, and common law duties of care to KELSEY.

30.     MANORCARE breached their statutory, regulatory, and common law duties of care to KELSEY as more fully alleged above.

31.     As the proximate result of MANORCARE's breach of their statutory, regulatory, and common law duties of care to KELSEY as more fully alleged above, KELSEY suffered

injuries in an amount and manner more specifically alleged above and according to proof at time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF RESIDENTS RIGHTS

### [Against MANORCARE, and DOES 1-100]

32.     Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 31 above as though set forth below.

33.     *Health and Safety Code* §1430(b) provides that "a current or former resident or patient of a skilled nursing facility as defined in subdivision (c) of section 1250 . . . may bring a civil action against the licensee of a facility who violates any rights of the resident or patient as set forth in the Patients' Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations [which incorporates *Health and Safety Code* §1599.1], or any other right provided for by federal or state law or regulation."

34.     At all relevant times, MANORCARE OF FOUNTAIN VALLEY CA, LLC was the licensee of skilled nursing facility known as MANORCARE HEALTH SERVICES-FOUNTAIN VALLEY.

### ALLEGATIONS AGAINST MANORCARE

35.     For the reasons set forth above and incorporated herein by reference, and for further reasons as will be presented at trial, MANORCARE failed to treat KELSEY with respect, consideration, and full recognition of dignity in care of her personal needs as required by the Patient's Bill of Rights and other rights provided by federal or state law or regulation. MANORCARE and violated these rights of KELSEY, including, but not limited to:

a.     Title 22 C.C.R. §72527(a)(12), which mandates that a resident shall be treated with consideration, respect and full recognition of dignity and individuality, including privacy in treatment and in care of personal needs.  MANORCARE violated this regulation by failing to prevent KELSEY from suffering falls during her residency at MANORCARE.

b.     Title 22 C.C.R. §72527(a)(25), which incorporates by reference the rights enumerated in *Health and Safety Code* §1599.1, which mandates that the "facility shall employ an

adequate number of qualified personnel to carry out all of the functions of the facility." (*Health and Safety Code* §1599.1(a)).  MANORCARE violated this regulation by understaffing its facility in quality and quantity of staff during KELSEY's residency.

c.      Title 42 C.F.R. §483.25, which mandates that a skilled nursing facility, such as the facility, must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care. MANORCARE violated this regulation by failing to prevent KELSEY from suffering falls during her residency at MANORCARE.

d.      Title 42 C.F.R. §483.10(b)(11), stating that residents have the right to have all significant changes of condition reported to them, their families, and their physicians immediately. MANORCARE violated this regulation by failing to advise KELSEY's family of her falls during her residency at MANORCARE.

36.     While a resident of MANORCARE, KELSEY's rights were repeatedly violated. KELSEY suffered falls and injuries as a result of these the above-mentioned violations by MANORCARE.

37.     Most notably while at MANORCARE, KELSEY experienced unsupervised falls requiring revision surgery to her injured left leg.

38.     These injuries would not have occurred had MANORCARE simply adhered to the applicable rules, laws, and regulations, as well as the acceptable standards of practice governing the operation of a skilled nursing facility.

39.     One of the purposes of *Health and Safety Code* §1430(b) is to protect against the type of injuries that KELSEY sustained.

40.     KELSEY is a member of a group of persons that *Health and Safety Code* §1430(b) is intended to protect.

41.     Among other remedies, *Health and Safety Code* §1430(b) authorizes the recovery of damages up to $500.00 and mandatory attorneys' fees and costs.  These remedies are cumulative to any other remedies provided by law.

**WHEREFORE, PLAINTIFFS** pray for judgment and damages as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For attorney's fees and costs pursuant to *Welfare and Institutions Code* §15657(a) (As to the First Cause of Action only);

4.    For exemplary and punitive damages pursuant to *Civil Code* §3294 (As to the First Cause of Action only);

5.    For attorney's fees and costs pursuant to *Health and Safety Code* §1430(b) (As to the Third Cause of Action only);

6.    For costs of suit; and

7.    For such other and further relief as the Court deems just and proper.

DATED:  July 26, 2022                                   **PECK LAW GROUP, APC**

By:  _____
      Adam J. Peck, Esq.
      Attorneys for Plaintiffs

Electronically Filed by Superior Court of California, County of Orange, 07/28/2022 09:32:18 AM.
30-2022-01272243-CU-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By R. Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td style="text-align:right">*FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley
and Does 1 through 200, inclusive,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Orange County Superior Court
700 Civic Center Drive West, Santa Ana, CA 92701, Central Justice Center

CASE NUMBER: *(Número del Caso):*
30-2022-01272243-CU-NP-CJC

Judge John C. Gastelum

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peck Law Group, APC, 6454 Van Nuys Blvd, # 150, Van Nuys, CA 91491 (818) 908-0509

DATE: 07/28/2022 DAVID H. YAMASAKI, Clerk of the Court        Clerk, by _____ , Deputy
*(Fecha)*                                                      *(Secretario)*   R. Trent  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT B**
**Page 29**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Steven C. Peck, Esq., SBN 097343/ Adam J. Peck, Esq., SBN 262549
PECK LAW GROUP, APC., 6454 Van Nuys Blvd., Suite 150, Van Nuys, CA 91401

TELEPHONE NO.: (818) 908-0509        FAX NO. (Optional): (818) 643-4980
E-MAIL ADDRESS: eservice@thepecklawgroup.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Waneta M. Kelsey v. Manorcare of Fountain Valley CA, LLC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | 30-2022-01272243-CU-NP-CJC |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge John C. Gastelum DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 26, 2022

Adam J. Peck, Esq.
_____
(TYPE OR PRINT NAME)

▶

_AP_
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 31186763

## PAYMENT RECEIPT

**Receipt #:** 12911750

| Clerk ID: ktrent | | Transaction No: 13083761 | | Transaction Date: 07/28/2022 | | Transaction Time: 11:35:38 AM |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2022-01272243-CU-NP-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |

| | Sales Tax: | $0.00 | |
|---|---|---|---|
| | **Total:** | **$435.00** | **Total Rem. Bal:** |

E-Filing :  - OneLegal

| | E-Filing: | $435.00 |
|---|---|---|
| | Total Amount Tendered: | $435.00 |
| | Change Due: | **$0.00** |
| | Balance: | **$0.00** |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Waneta M. Kelsey | |
| DEFENDANT: Manorcare of Fountain Valley CA, LLC | **Jul 28, 2022**<br>Clerk of the Superior Court<br>By: **K. TRENT,** Deputy |
| Short Title: KELSEY VS. MANORCARE OF FOUNTAIN VALLEY CA, LLC | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01272243-CU-NP-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>01/03/2023</u> at <u>08:45:00 AM</u> in Department <u>C11</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** KELSEY VS. MANORCARE OF FOUNTAIN VALLEY CA, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01272243-CU-NP-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 07/28/2022. Following standard court practice the mailing will occur at Sacramento, California on 07/29/2022.

Clerk of the Court, by: _____ , Deputy

PECK LAW GROUP, APC
6454 VAN NUYS BOULEVARD # SUITE 150
VAN NUYS, CA 91401

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure, § 1013(a)

**EXHIBIT B**

**Page 34**

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS:  700  W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE:  Santa Ana, CA  92701<br>BRANCH NAME:    Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| SHORT TITLE:  Kelsey vs. Manorcare of Fountain Valley CA, LLC | |
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2022-01272243-CU-NP-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

### E-Filing Summary Data

Electronically Submitted By: Waneta Kelsey
On Behalf of:
Transaction Number:          31190790
Court received Date:         08/08/2022
Court received Time:         10:04:20 AM
Amount not to Exceed:

### Documents Electronically Filed

Amended Summons

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**   Other
Clerk's comments to submitter:
Please edit the summons to remove "amended" and resubmit, thank you

### E-Filing Service Provider Information
Name:              OneLegal
Email:             support@onelegal.com
Contact Person:  Customer Support
Phone:             8009388815

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700  W. Civic Center DRIVE<br>MAILING ADDRESS:  700  W. Civic Center Drive<br>CITY AND ZIP CODE:  Santa Ana, CA  92701<br>BRANCH NAME:    Central Justice Center | |

| SHORT TITLE:  Kelsey vs. Manorcare of Fountain Valley CA, LLC | |
|---|---|

| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2022-01272243-CU-NP-CJC |
|---|---|

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

### E-Filing Summary Data

Electronically Submitted By: Waneta Kelsey

On Behalf of:

Transaction Number:          11023867

Court received Date:          08/10/2022

Court received Time:          11:00:26 AM

Amount not to Exceed:

### Documents Electronically Filed

Summons Issued and Filed

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**   Other
Clerk's comments to submitter:
Attorney address must match complaint exactly. Zip code does not match. Please revise and resubmit.

### E-Filing Service Provider Information

Name:              OneLegal

Email:             support@onelegal.com

Contact Person:  Customer Support

Phone:             8009388815

**EXHIBIT B**
**Page 36**

Electronically Filed by Superior Court of California, County of Orange, 08/12/2022 09:51:00 AM. 30-2022-01272243-CU-NP-CJC - ROA # 11 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

**SUMMONS**

SUM-100

*(CITACION JUDICIAL)*

<table>
<tr><td></td><td style="text-align:right">FOR COURT USE ONLY<br/>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley
and Does 1 through 200, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Judge John C. Gastelum
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Drive West, Santa Ana, CA 92701, Central Justice Center

CASE NUMBER: *(Número del Caso):*
30-2022-01272243-CU-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peck Law Group, APC, 6454 Van Nuys Blvd, # 150, Van Nuys, CA 91401 (818) 908-0509

DATE: 08/12/2022
*(Fecha)*      DAVID H. YAMASAKI, Clerk of the Court
Clerk, by A. Gill , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]


**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
     under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT B**
**Page 37**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | *FOR COURT USE ONLY* |
|---|---|
| Adam Peck (SBN 262549)<br>PECK LAW GROUP, APC<br>6454 Van Nuys Boulevard, Suite 150<br>Van Nuys, CA 91401<br><br>TELEPHONE NO.: (818) 908-0509   FAX NO.: (818) 908-1158<br>EMAIL ADDRESS: adampeck@thepecklawgroup.com<br>ATTORNEY FOR: Plaintiff | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE
 STREET ADDRESS: 700 Civic Center Drive West
 MAILING ADDRESS:
 CITY AND ZIP CODE: Santa Ana, 92701
 BRANCH NAME: CENTRAL JUSTICE CENTER

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson<br><br>DEFENDANT: MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive, | 30-2022-01272243-CU-NP-CJC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of:
 a.   **X**   summons
 b.   **X**   complaint
 c.   ☐   Alternative Dispute Resolution (ADR) package
 d.   ☐   Civil Case Cover Sheet (served in complex cases only)
 e.   ☐   cross-complaint
 f.   **X**   other (specify documents):
      NOTICE OF HEARING CASE MANAGEMENT CONFERENCE

3.   a.  Party served *(specify name of party as shown on documents served):*
       MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley

 b.   **X**   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
       Jessie Gastelum / Agent For Service

4.   Address where the party was served:
       330 N BRAND BLVD STE 700, GLENDALE, CA 91203

5.   I served the party *(check proper box)*
 a.   **X**   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 08/29/2022 (2) at *(time):* 12:01 PM
       Description: Age: 33, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 140, Hair: Black, Glasses: N

 b.   ☐   **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** |

Doc ID: 80d8a5aefa581d8fcb359033db5da008c22b3049

| PLAINTIFF: WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson | CASE NUMBER: 30-2022-01272243-CU-NP-CJC |
| DEFENDANT: MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive, | |

at the place where copies were left (Code Civ. Proc., 415.20).  I mailed the documents on *(date):* _____ from *(city):* _____  **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: Jim Sands
    Firm: EServe

b. Address: 9450 Mira Mesa Blvd., C-208, San Diego, CA 92126

c. Telephone number: (888) 884-5745

d. **The fee** for the service was: $ 55.00

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

        (i) ☐ owner ☐ employee ☒ independent contractor.

        (ii) Registration No.: 914

        (iii) County: LOS ANGELES

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Page 2 of 3

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Job Number ESV-2022000978

**EXHIBIT B
Page 39**

Doc ID: 80d8a5aefa581d8fcb359033db5da008c22b3049

| PLAINTIFF: WANETA M. KELSEY by and through her Attorney-In-Fact, Steve Richardson<br><br>DEFENDANT: MANORCARE OF FOUNTAIN VALLEY CA, LLC dba Manorcare Health Services Fountain Valley and Does 1 through 200, inclusive, | CASE NUMBER:<br>30-2022-01272243-CU-NP-CJC |
|---|---|

Date: 09 / 01 / 2022

_____
**Jim Sands**
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                                    _____
                                            (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Job Number ESV-2022000578

**EXHIBIT B**
**Page 40**
Doc ID: 80d8a5aefa581d8fcb359033db5da008c22b3049